**Daniel Snyder, OSB No. 78385**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 06105**
carlpost@lawofficeofdanielsnyder.com
**Erin McCool, OSB No. 06427**
erinmcool@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **JERRY SWITZER,** | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | UNLAWFUL EMPLOYMENT ACTIONS |
|  | FMLA Violations; OFLA Violations; State Law Disability Discrimination and Wrongful Termination |
| **LEVITON MANUFACTURING CO., INC.,** |  |
| Defendant. | **JURY TRIAL DEMANDED** |

## I. PRELIMINARY STATEMENT

1. This action is an action for damages and equitable relief, including compensatory damages, back pay, front pay, and attorneys' fees and costs, to redress violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq; violation of the Oregon Family Leave Act, the

PAGE 1 – COMPLAINT AND DEMAND FOR JURY TRIAL

Oregon Rehabilitation Act, and Wrongful Termination.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

3. Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

4. Venue is in the District of Oregon pursuant to 28 U.S.C. §1391(b) because the claim arose in this Judicial District.

## III. PARTIES

5. Plaintiff, Jerry Switzer (Plaintiff), is a citizen of the United States. Plaintiff is a resident of Clackamas County, Oregon.

6. Defendant Leviton Manufacturing Co., Inc., (defendant) is a Delaware corporation, conducting regular, sustained business activity in Tualatin, Clackamas County, Oregon. Defendant is not registered to do business in Oregon.

7. At all times relevant, defendant's employees and supervisors as their conduct is alleged herein were acting within the course and scope of their employment with the defendant.

## IV. GENERAL FACTUAL ALLEGATIONS

8. On October 7, 2008, Plaintiff began working for defendant as a Senior Product Manager for defendant's Distributed Energy Management department.

PAGE 2 – COMPLAINT AND DEMAND FOR JURY TRIAL
Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

9.   Plaintiff worked on a project called Sector. Defendant's Sector Intelligent Ballast and Lighting Control System combines several energy saving technologies – occupancy sensing, daylight harvesting and dimming – into one integrated system.

10.  At all times material, Tom Leonard worked for defendant as the Director of Product Management/Director of Marketing and was Plaintiff's supervisor.

11.  On January 4, 2010, Plaintiff received a meritorious raise of 2.6%. Plaintiff's annual salary increased from $95,000 to $97,470.

12.  On January 8, 2010, Plaintiff became ill.

13.  On January 11, 2010, Plaintiff missed work due to his own serious health condition. Plaintiff used eight hours of sick time that day.

14.  On January 12, 2010, Plaintiff missed work due to his own serious health condition. Plaintiff used eight hours of sick time that day.

15.  On January 14, 2010, Plaintiff missed work due to his own serious health condition. Plaintiff used eight hours of sick time that day.

16.  On January 17, 2010, Plaintiff was admitted to the Portland Providence Medical Center (PPMC) Emergency Department (ED) for Reactive Airway Disease (RAD) with severe exacerbation.

17.  On January 18, 2010, Plaintiff was transferred to Critical Care Unit (CCU) in serious condition.

18.  Later on January 18, 2010, Plaintiff was transferred to the Respiratory Unit at Portland Providence Medical Center for ongoing treatment until discharge.

19.  Plaintiff continued to receive treatment for his own serious health condition at the Portland Providence Medical Center through January 23, 2010.

PAGE 3 – COMPLAINT AND DEMAND FOR JURY TRIAL

20.     On January 19, 2010, Plaintiff received a letter from defendant regarding defendant's Disability Leave Policy. Enclosed with the letter were two items: Notice and Proof of Claim for Disability Benefits and a Certification of Health Care Provider Statement. Plaintiff's domestic partner, Tracy Mott, gave the Certification of Health Care Provider Statement to Plaintiff's Primary Care Physician, Dr. Sue Lewis. Dr. Lewis filled out and signed the FMLA paperwork.

21.     On January 21, 2010, Plaintiff completed a Cigna Group Insurance (Cigna) form to apply for disability insurance benefits. Cigna provides short-term and long-term disability insurance for defendant's employees. On or about January 21, 2010, Plaintiff faxed the form to Cigna.

22.     On January 23, 2010, Plaintiff was discharged from the hospital.

23.     On January 25, 2010, Plaintiff had an appointment with his Primary Care Physician, Dr. Sue Lewis, to review Plaintiff's treatment plan and complete the FMLA paperwork.

24.     On January 25, 2010, Ms. Mott delivered Plaintiff's medical leave paperwork, including a FMLA Acknowledgment and Accrued Vacation Election Form, which was signed by Plaintiff, the Certification of Health Care Provider Statement, which was signed by Dr. Lewis, and Plaintiff's disability paperwork to defendant's Human Resources Manager, Janell Simmons, at defendant's Tualatin office.

25.     On or about January 29, 2010, Plaintiff received a letter dated January 26, 2010 from Cigna informing Plaintiff that his claim for Short-Term Disability was approved beginning on January 17, 2010, and continuing through February 1, 2010. A copy of that letter was delivered to defendant's Administrator, Benefits and Compensation, Maureen Carey.

26.     On January 30, 2010, Plaintiff faxed a disability form to Valerie Breitenbach at Cigna.

PAGE 4 –COMPLAINT AND DEMAND FOR JURY TRIAL

27. On February 6, 2010, Plaintiff became lightheaded and dizzy. Plaintiff blacked out, fell, and hit his head on the TV.

28. On February 10, 2010, Plaintiff saw Dr. Lewis to discuss his loss of consciousness on February 6, 2010.

29. On February 12, 2010, Plaintiff was admitted to the Emergency Department at Portland Providence Medical Center for Septic shock, Anemia, and Reactive Airway Disease. Plaintiff was eventually stabilized and admitted to the ICU for septicemia.

30. On February 13, 2010, Plaintiff was transferred from the ICU to the Respiratory Ward.

31. On February 16, 2010, Plaintiff was diagnosed with Campylobacteriosis and anemia with unclear etiology.

32. On or about February 18, 2010, Plaintiff received a letter dated February 15, 2010 from Cigna that informed Plaintiff that he had exhausted his short-term disability benefits.

33. Plaintiff was released from the Portland Providence Medical Center on February 16, 2010.

34. On March 1, 2010, Plaintiff had an appointment with Dr. Paula Gerber, Neurologist for lightheadedness and a syncope episode along with ongoing headaches.

35. On March 10, 2010, Plaintiff emailed Ms. Simmons, HR Manager, and Tom Leonard and notified them that he would be returning to work on April 12, 2010. Plaintiff sent a second email only to Ms. Simmons and attached a medical release form dated March 10, 2010, that was signed by Dr. Lewis and restricted Plaintiff from working until April 12, 2010.

36. On April 7, 2010, Plaintiff had an appointment with Dr. Lewis. Plaintiff continued to be anemic, which caused him to feel very weak and experience a lack of stamina. Plaintiff also

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

suffered from ongoing headaches and respiratory distress. Dr. Lewis recommended that Plaintiff return to work on a part-time basis in order to allow Plaintiff to increase his stamina and adjust to the stress levels that work would cause Plaintiff. Dr. Lewis gave Plaintiff work release to work part-time for 4 weeks, with an anticipated return to full-time work date of May 10, 2010, unless Plaintiff was able to increase his stamina levels before that time and return to full-time work before May 10, 2010.

37. On or about April 7, 2010, Plaintiff emailed Ms. Simmons and Mr. Leonard and notified them that he would be returning to work on April 12, 2010 on a part-time basis. Plaintiff e-mailed Ms. Simmons with an attached a medical restriction form dated April 7, 2010 and signed by Dr. Lewis that authorized Plaintiff to return to work on April 12, 2010 but restricted Plaintiff to working three days per week.

38. On or about April 8, 2010, Plaintiff emailed Paul Maddox, Director of Engineering and Subu Muthu, Sector Engineering Project Manager, and notified them that he would be returning to work on April 12, 2010.

39. On or about April 9, 2010, Plaintiff called Mr. Leonard at his office because Plaintiff had not received a response to his email dated April 7, 2010. Plaintiff left Mr. Leonard a voicemail stating that he had not heard from him acknowledging Plaintiff's return to work e-mail, that he wanted to be certain that Mr. Leonard knew Plaintiff was returning to work on April 12, 2010, and that his email contained his return to work status. Plaintiff also stated that his return to work schedule was included in the email Plaintiff sent to Mr. Leonard on April 7, 2010.

40. On April 12, 2010, Plaintiff returned to work and worked eight hours. Plaintiff met with Mr. Leonard in his office around 8:30 am to discuss Plaintiff's medical restrictions and return to work schedule. Mr. Leonard instructed Plaintiff not to attend the morning staff

PAGE 6 –COMPLAINT AND DEMAND FOR JURY TRIAL

meeting. At approximately 10:30 am, Plaintiff had a second meeting in Mr. Leonard's office with Mr. Leonard and David Buerer, Senior Product Manager. Mr. Buerer had temporarily assumed Plaintiff's duties while Plaintiff was on medical leave. During the meeting, the three of them outlined a plan for Plaintiff and Mr. Buerer to work jointly on the Sector project so that Plaintiff could completely resume all of his previous duties.

41. On April 12, 2010, Plaintiff met with Ms. Simmons at approximately 11:00 am in Ms. Simmons' office. Ms. Simmons' confirmed that she received Plaintiff's email dated April 7, 2010 and told Plaintiff that there was nothing else he had to do concerning his medical leave and that all she needed to do was to fill out a one page PCR form and send it to Corporate. This was to ensure that Corporate knew Plaintiff was back at work so that Plaintiff would begin receiving pay (as Plaintiff had not been paid in 2 months) as well as company benefits.

42. On April 13, 2010, Plaintiff did not work pursuant to the medical restrictions provided by Dr. Lewis.

43. On April 14, 2010, Plaintiff arrived at work around 7:30 am. Around 9:30 am, Ms. Simmons called Plaintiff on his cellular phone. Ms. Simmons requested that Plaintiff come to her office. Plaintiff went to Ms. Simmons' office and met with her and Mr. Leonard. Ms. Simmons terminated Plaintiff's employment. Ms. Simmons told Plaintiff that he was being laid-off for economic reasons. Ms. Simmons and Mr. Leonard told Plaintiff that he was not being laid-off for performance issues. Plaintiff was the only person that was laid-off work at defendant's Tualatin location.

44. At all material times, Ms. Simmons and Mr. Leonard were acting within the course and scope of their employment with defendant.

PAGE 7 – COMPLAINT AND DEMAND FOR JURY TRIAL

45. At all material times, all people responsible and contributing to the decision to terminate Plaintiff's employment, were acting within the course and scope of their employment with defendant.

46. Defendant is vicariously liable for all damages caused by the conduct of any employee acting within the scope of their employment with Defendant.

## FIRST CLAIM FOR RELIEF
(Family and Medical Leave Act of 1993 - 29 U.S.C. § 2601 et seq.)

47. Plaintiff realleges all prior relevant paragraphs.

48. Defendant is an 'employer' within the meaning of 29 U.S.C. § 2611(4).

49. At all times material, Plaintiff was an 'eligible employee' within the meaning of 29 U.S.C. § 2611(2).

50. Plaintiff took medical leave protected by the Family Medical Leave Act (FMLA).

51. At all material times, Plaintiff suffered from a serious health condition, as defined by 29 U.S.C. § 2611(11).

52. Defendant interfered, discriminated, and retaliated against Plaintiff for engaging in the protected activity of taking leave under FMLA.

53. Defendant interfered, discriminated, and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, terminating his employment with defendant.

54. As a direct and proximate result of defendant's interference, discrimination, and retaliation, Plaintiff has suffered lost income and will continue to suffer past and future wages, past and future benefits, and other expenses.

PAGE 8 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

55. Plaintiff is entitled to equitable relief, including, but not limited to, reinstatement to employment with defendant, as well as an award of back pay and lost benefits. If appropriate, Plaintiff should be reinstated to employment with Defendant. Plaintiff should be awarded past economic damages in an amount determined fair by a jury. Plaintiff's economic damages are continuing in nature and are not presently known; however, Plaintiff's past economic damages are not expected to exceed $250,000. Plaintiff reserves the right to amend this amount prior to or during trial, as the evidence requires.

56. If reinstatement is not appropriate, then Plaintiff is entitled to an award for past lost wages and benefits and for future lost earnings, benefits, and lost earning capacity, and other compensatory damages for future pecuniary losses. Plaintiff's economic damages are continuing in nature and are not presently known; however, Plaintiff's economic damages are not expected to exceed $800,000. Plaintiff reserves the right to amend this amount prior to or during trial, as the evidence requires.

57. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

58. Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A).

59. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to an award of attorney's fees, expert fees, and costs incurred herein.

60. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

PAGE 9 – COMPLAINT AND DEMAND FOR JURY TRIAL

## SECOND CLAIM FOR RELIEF
(Oregon Family Leave Act - ORS 659A.150 et. seq.)

61. Plaintiff realleges all prior relevant paragraphs.

62. Defendant is an employer who employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks during the years 2009 and 2010.

63. Plaintiff took medical leave protected by the Oregon Family Leave Act (OFLA).

64. Plaintiff worked for defendant for more than 180 days prior to commencing family leave on or around January 17, 2010. Plaintiff averaged more than 25 hours per week during the 180 days immediately proceeding commencement of his family leave on or around January 17, 2010.

65. At all material times, Plaintiff suffered from a serious health condition.

66. At all material times, Plaintiff was eligible to take family leave.

67. Defendant discriminated and retaliated against Plaintiff for inquiring about his statutory right to family leave, because Plaintiff submitted requests for family leave, and/or because Plaintiff invoked his right to statutorily protected family leave.

68. Defendant discriminated and retaliated against Plaintiff by taking adverse employment actions against the Plaintiff, including terminating Plaintiff's employment. Defendant's conduct was an unlawful employment practice in violation of ORS 659A.183.

69. Plaintiff is entitled to an order declaring defendant's conduct as alleged herein to be an unlawful employment action and in violation of ORS 659A.183.

PAGE 10 –COMPLAINT AND DEMAND FOR JURY TRIAL

70. As a result of defendant's discrimination and retaliation against Plaintiff, Plaintiff has suffered lost income and will continue to suffer past and future wages, past and future benefits, and other expenses.

71. Plaintiff is entitled to equitable relief, including, but not limited to, reinstatement to employment with defendant, as well as an award of back pay and lost benefits. If appropriate, Plaintiff should be reinstated to employment with Defendant. Plaintiff should be awarded past economic damages in an amount determined fair by a jury. Plaintiff's economic damages are continuing in nature and are not presently known; however, Plaintiff's past economic damages are not expected to exceed $250,000. Plaintiff reserves the right to amend this amount prior to or during trial, as the evidence requires.

72. To the extent any amount awarded to plaintiff is for damages occurring prior to the entry of judgment, plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

73. Pursuant to ORS 659A.885(1) and ORS 20.107, Plaintiff is entitled to recover his reasonable attorney fees and costs, including expert witness fees.

74. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

### THIRD CLAIM FOR RELIEF
(ORS 659A.100 et seq. - Oregon Rehabilitation Act)

75. Plaintiff realleges all prior relevant paragraphs.

76. At all material times, Plaintiff had a physical or mental impairment that substantially limits one or more of his major life activities; had a record of having a physical or mental impairment that substantially limits one or more of his major life activities; or was regarded by

PAGE 11 –COMPLAINT AND DEMAND FOR JURY TRIAL

defendant as having a physical or mental impairment that substantially limits one or more of his major life activities.

77.   The requirements of ORS 659A.103 to 659A.145 apply to defendant.

78.   Defendant discriminated against Plaintiff because of his disability or because defendant perceived that Plaintiff had a disability.

79.   Defendant failed to engage in the interactive process with Plaintiff.

80.   Plaintiff could perform the essential functions of his job with defendant with or without reasonable accommodations.

81.   Defendant refused to provide reasonable accommodations for Plaintiff's disability.

82.   As a result of defendant's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of his personal dignity and right to be free from discrimination or interference with his statutory rights. Plaintiff suffered, and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

83.   Plaintiff is entitled to equitable relief, including, but not limited to, reinstatement to employment with defendant, as well as an award of back pay and lost benefits. If appropriate, Plaintiff should be reinstated and awarded past economic damages in an amount determined fair by a jury. Plaintiff's economic damages are continuing in nature and are not presently known; however, Plaintiff's past economic damages are not expected to exceed $250,000. Plaintiff reserves the right to amend this amount prior to or during trial, as the evidence requires.

84.   If reinstatement is not appropriate, then Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for future pecuniary losses. Plaintiff's economic damages are continuing

PAGE 12 –COMPLAINT AND DEMAND FOR JURY TRIAL

in nature and are not presently known; however, Plaintiff's economic damages are not expected to exceed $800,000. Plaintiff reserves the right to amend this amount prior to or during trial, as the evidence requires.

85. Plaintiff is entitled to compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in an amount to be proved at trial.

86. Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights. Defendants should be assessed punitive damages in an amount as fixed by a jury to punish defendant and to deter such conduct in the future.

87. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

88. Pursuant to ORS Chapter 659A and ORS 20.107, Plaintiff is entitled to recover his reasonable attorney fees and costs, including expert witness fees.

89. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

### FOURTH CLAIM FOR RELIEF
(Wrongful Termination)

90. Plaintiff realleges all relevant paragraphs.

91. Defendant's conduct, as alleged, was in retaliation for Plaintiff's assertion of his state and federally protected rights to work in an environment free from discrimination, harassment, and otherwise hostile work environments, and as such constitutes a wrongful discharge under state common law.

PAGE 13 –COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

92.     Plaintiff's remedies under state statutory law do not constitute a complete remedy for the damage Defendant has inflicted.

93.     As a result of defendant's wrongful termination of Plaintiff's employment, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of his personal dignity and right to be free from discrimination or interference with his statutory rights. Plaintiff suffered, and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

94.     Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in an amount to be proved at trial.

95.     Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights. Defendants should be assessed punitive damages in an amount as fixed by a jury to punish defendant and to deter such conduct in the future.

96.     To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

97.     Pursuant to ORS 20.107, Plaintiff is entitled to an award of attorney fees and expert witness fees.

98.     Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

**PRAYER FOR RELIEF**

Plaintiff prays for the following judgment against defendant:

PAGE 14 –COMPLAINT AND DEMAND FOR JURY TRIAL

1. A sum which will fully compensate Plaintiff for his non-economic damages in a sum that is just as determined by a jury;

2. A sum which will fully compensate Plaintiff for his economic damages in a sum that is just as determined by a jury;

3. Equitable relief, including but not limited to, reinstatement if Plaintiff so chooses;

4. Liquidated damages;

5. Plaintiff's costs and disbursements incurred herein;

6. Plaintiff's attorney fees; and

7. For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated this 28 day of July 2010.

**Law Offices of Daniel Snyder**

Daniel Snyder, OSB No. 783856
dansnyder@qwestoffice.net
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com
Erin McCool, OSB No., 06427
erinmccool@lawofficeofdanielsnyder.com
Telephone : (503) 241-3617
Facsimile: (503) 241-2249
Of Attorneys for Plaintiff

PAGE 15 – COMPLAINT AND DEMAND FOR JURY TRIAL
**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249